**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-01386-PAB
(Criminal Action No. 86-cr-00197-PAB)

UNITED STATES OF AMERICA,

v.

2.   JEREMIAH CUSHON,

   Defendant.

## ORDER DENYING 28 U.S.C. § 2255 MOTION

This matter is before the Court on the *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, Docket No. 1, and the Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24, Docket No. 3, filed May 4, 2020, by Defendant Jeremiah Cushon.  The Court must construe the motions liberally because Defendant is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *Hall*, 935 F.2d at 1110. The 28 U.S.C. § 2255 motion will be denied as both untimely and for lack of merit and the 28 U.S.C. § 1915 motion will be denied as moot because there is no filing fee for a § 2255 motion.

Defendant is subject both federal and state sentences.   In the instant action, Case Number 86-cr-00197-2, Defendant was convicted on January 5, 1987, of one count of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and was

sentenced to fifteen years in federal prison. On the same day, in his other District of Colorado case, Case Number 86-cr-00313-1, Defendant was convicted of one count of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) for a different bank robbery and sentenced to fifteen years in federal prison. The federal sentences were ordered to run consecutive to each other and consecutive to any sentence that may be imposed in the District Court for El Paso County, Colorado, Case Number 86CR1946. Defendant alleges that, on March 30, 1987, he was sentenced in the state court case to a term of life in prison.

Defendant asserts two claims in the § 2255 motion seeking relief under *United States v. Davis*, 139 S. Ct. 2319 (2019), which addressed the constitutionality of 18 U.S.C. § 924(c)(3)(B). Defendant first claims the record lacks a clear explanation of the rationale for ordering his federal sentences to be consecutive to a potential future state sentence and "is suggestive" of reliance on the unconstitutional residual clause in 18 U.S.C. § 924(c)(3)(B). Defendant contends in claim two that the elements of bank robbery under 18 U.S.C. § 2113(a) are more expansive that the elements clause in 18 U.S.C. § 924(c)(3)(A) "and could not be a categorical match to allow [the] federal sentences to run consecutive to state sentences not yet imposed." Docket No. 1 at p.7. As relief, Defendant asks either that his federal convictions be vacated or that his federal sentences be ordered to run concurrently with his state sentence.

Pursuant to 28 U.S.C. § 2255(f), a one-year limitation period applies to motions to vacate, set aside, or correct a federal sentence. The one-year limitation period runs from the latest of:

>    (1) the date on which the judgment of conviction becomes final;
>
>    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

If, as Defendant contends, he is asserting a right initially recognized in *Davis*, the § 2255 motion is timely under § 2255(f)(3) because the § 2255 motion was filed within one year after *Davis* was announced and *Davis* announced a new constitutional rule that is retroactively applicable to cases on collateral review.  *See United States v. Bowen*, 936 F.3d 1091, 1097-98 (10th Cir. 2019).  However, *Davis* is not applicable because Defendant was not convicted of any offense under 18 U.S.C. § 924(c). Instead, as noted above, he was convicted of armed bank robbery under 18 U.S.C. § 2113(a) and (d).  Therefore, Defendant is not asserting a right initially recognized in *Davis* and the § 2255 motion is untimely.  In addition, the fact that Defendant was not convicted of any offense under § 924(c) means the claims in the § 2255 motion lack substantive merit.

The § 2255 motion will be denied as both untimely and for lack of merit. Under

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Under 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution."  *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  The Court will not issue a certificate of appealability because Defendant has not made a substantial showing of the denial of a constitutional right.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Defendant files a notice of appeal, he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, Docket No. 1, is DENIED.  It is further

ORDERED that the Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24, Docket No. 3, is DENIED as moot.  It is further

ORDERED that no certificate of appealability will issue because Defendant has not made a substantial showing of the denial of a constitutional right.   It is further

ORDERED that leave to proceed *in forma pauperis* on appeal is DENIED without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this 19th day of May, 2020.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge